OPINION
{¶ 1} These are appeals from the Logan County Court of Common Pleas, Juvenile Division. The appellant, Ann Blackford, appeals a decision of the trial court denying her motion for the temporary custody of her grandchildren, Rebecca Tartt and John Paul Tartt.
 {¶ 2} The pertinent facts and procedural history are as follows. The appellant is the paternal grandmother of the minor children, Rebecca Tartt and John Paul Tartt. Complaints alleging the neglect and dependency of the children were filed by the Logan County Children's Services Board ("LCCSB") on August 23, 2001. At the time the complaints were filed, the children resided in the appellant's home with the appellant and their father, Robert Tartt, who has recently been released from prison and has been adjudicated to be a sexually oriented offender.[1] A case plan for the children contained the goal of maintaining the children in the home.
 {¶ 3} On October 5, 2001, prior to the adjudication hearing, Robert Tartt voluntarily placed his children in the home and temporary custody of his sister, Patricia Perez of Springfield, Ohio. An adjudication hearing was held on October 8, 2001, during which a list of problems at the Blackford/Tartt home prompted the court to find the children to be neglected and dependent. At the hearing, the appellant requested that the children be placed back in her home and a home study was ordered. An amended case plan was filed reflecting the change in the children's placement to the Perez home.
 {¶ 4} Due to a family trauma, Patricia Perez could no longer provide care to the Tartt children as well as her own. At a Shelter Care hearing on November 12, 2001, temporary custody was continued with LCCSB upon the recommendation of the children's father. The appellant requested temporary custody of the children, an appointment objected to by the father. An amended case plan was filed reflecting the placement of the children in foster care.
 {¶ 5} A dispositional hearing was conducted on November 14, 2001, following which the children remained in the temporary custody of LCCSB with an acknowledgement of the appellant's continuing request for the children to be returned to her. The case plan adopted by the court permitted a number of visitations with the appellant.
 {¶ 6} A hearing on the appellant's motion for temporary custody was held on February 12, 2002, and continued to April 2, 2002. By journal entry filed June 18, 2002, the trial court denied the appellant's motion and continued the children's temporary custody in foster care with LCCSB.
 {¶ 7} The appellant now appeals asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 8} "The trial court erred in denying appellant's motion for custody and termination of foster care."
 {¶ 9} This is an expedited case concerning the trial court's denial of a motion to terminate temporary custody. Because of lack of jurisdiction, we are unable to consider the issues raised in the appellant's assignment of error. The issue of jurisdiction to hear an appeal may be raised sua sponte.[2]
 {¶ 10} Appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district.[3] This Court has previously addressed the issue of whether a motion requesting the termination of temporary custody is a final order in In re Kinstle.[4]
In Kinstle, we held that although a motion denying the termination of temporary custody is a special proceeding, it does not affect a substantial right and is thus not a final appealable order. "Until the court extends the temporary custody order or modifies the terms of the existing order, an appeal from a motion to terminate temporary custody is interlocutory in nature."[5]
 {¶ 11} Given this Court's holding in Kinstle, the trial court's denial of the appellant's motion to terminate temporary custody is interlocutory in nature and is, therefore, not a final appealable order.
 {¶ 12} Accordingly, the appeals are dismissed for want of jurisdiction.
Appeals dismissed.
 BRYANT, P.J., and WALTERS, J., concur.
[1] The whereabouts of the children's mother, Cindy Wellbaum, was unknown at the time the complaint was filed.
[2] See Davison v. Rini (1996), 115 Ohio App.3d 688.
[3] See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02.
[4] (March 6, 1998), Logan App. Nos. 8-97-27, 8-97-28, 8-97-29, 8-97-30, 8-97-31, 8-97-32.
[5] Id. (citations omitted).